UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHUBB INA HOLDINGS INC., *et al.*

        Plaintiffs,

v.

MICHAEL CHANG, *et al.*

        Defendants.

Civil Action No. 16-2354 (FLW)(DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on a motion [ECF No. 20] by Plaintiffs Chubb INA Holdings, Inc. (f/k/a The Chubb Corporation) and Federal Insurance Company (collectively "Chubb" or "Plaintiff") to expedite discovery. Defendants oppose the motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the motion is denied.

## I. Background[1]

This action arises out of allegations that Defendants Michael Chang, former President of Chubb's Real Estate and Hospitality Division, and Endurance Services Ltd. ("Endurance") improperly targeted and solicited employees of Chubb for employment with Endurance. Chang left Chubb for employment with Endurance on or about February 9, 2016. It is alleged that in violation of a non-solicitation provision in an agreement with Chubb, Chang indirectly solicited Chubb employees by assisting Endurance's Senior Vice President of Human Resources, Tony Chimera, in recruiting Chubb personnel. Plaintiffs believe that Chang identified for Chimera a number of his former colleagues who had the skills and experience

---

[1] The factual allegations recited herein are taken from Plaintiff's Amended Complaint (ECF No. 7) unless otherwise specified. They do not represent any factual findings on the part of the Court.

that Endurance needed. After "perfunctory telephone emails and without the benefit of resumes," Endurance made employment offers to certain Chubb employees. ECF No. 7 at ¶ 5. The compensation Endurance offered was allegedly greatly in excess of market rates and, in some cases, almost double the employees' current compensation.

Ultimately, Endurance made employment offers to fourteen Chubb employees in the Real Estate and Hospitality Division, and eleven accepted (the "Former Chubb Employees"). The Former Chubb Employees all notified Chubb of their resignations on April 22, 2016. Plaintiff alleges that this mass resignation was coordinated and designed to cripple Chubb's Real Estate and Hospitality Division.

Additionally, Plaintiff alleges that several of the Former Chubb Employees, as well as defendants Chang and Bentley Betts, have in their possession confidential information belonging to Chubb. For example, Chubb alleges that certain former employees accessed Chubb's computer system prior to their resignations and removed Chubb's "confidential business records." ECF No. 7 at ¶ 8. The Amended Complaint sets forth the following specific instances:

1. In February, March and April 2016, Bentley Betts sent 17 emails to his personal account containing Chubb's "confidential information."[2] ECF No. 7 at ¶ 65.

2. Michael Chang sent emails to his personal account twice in December 2015 and once in January 2016 containing Chubb's "confidential information." *Id.*

---

[2] These emails as well as those sent by Chang are attached as Exhibits to the Declaration of Nicholas J. Pappas (ECF No. 20-3). However, the emails have been redacted and the attachments have been omitted, so the Court is unable to discern from the emails themselves the exact nature of the communications.

3.  Three of the Former Chubb Employees accessed and saved files from Chubb's internal network onto a personal hard drive or cloud storage. Chubb alleges upon information and belief that these files contained Chubb's confidential information.

According to the Amended Complaint, it is Chubb's policy not to permit an employee to remove confidential information from Chubb offices, except when necessary to perform his or her job responsibilities. Chubb further contends that these employees' transfer of confidential information was not done for a valid business reason on behalf of Chubb, but solely for their own personal benefit and/or for the benefit of Endurance.

The Amended Complaint contains nine counts:  (1) Breach of Contract against Chang; (2) Breach of Fiduciary Duty against Chang and Betts; (3) Aiding and Abetting Breach of Fiduciary Duty against Endurance; (4) Misappropriation and Misuse Of Trade Secrets and Confidential Information in violation of New Jersey Trade Secrets Act, N.J.S.A. 56:15-1, et seq. ("NJTSA") against all Defendants; (5) Tortious Interference With Existing and Prospective Contractual and Business Relationships against all Defendants; (6) Civil Conspiracy against all Defendants; (7) Unfair Competition against all Defendants; (8) Unjust Enrichment against all Defendants; (9) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, against all Defendants.

The parties conferred on April 28 and 29, 2016 regarding the issue of expedited discovery. As a result, Defendants agreed to provide the following materials to Chubb on an expedited basis: (1) email communications between the Endurance Human Resources executive, Tony Chimera, and the Former Chubb Employees concerning their recruitment by Endurance; (2) email communications between Chang and the Former Chubb employees; and

(3) Chimera's file regarding the recruitment of the Chubb employees. Defendants declined to provide the additional discovery that Chubb sought on an expedited basis.

Chubb raised the issue of expedited discovery with the Court, and on May 11, 2016, the Court held a telephone conference. In response to Chubb's expressed concerns about the misappropriation and misuse of Chubb's confidential information, Defendants did not deny that the Former Chubb Employees may have Chubb information in their possession, but rather indicated that to the extent that any such information was in their possession, it was obtained in the ordinary course of their employment with Chubb. Defendants further advised that they were taking steps to ensure that no Chubb information would reach Endurance. For example, the Former Chubb Employees executed acknowledgements that they would not bring or disclose any Chubb information to Endurance. In addition, Defendants' counsel advised that it was in the process of collecting any hard copy Chubb documents and identifying any material in electronic form still in the Former Chubb Employees' possession. Further, Defendants stated that there were no additional Chubb employees in the hiring "pipeline." Tr. 19.

The Court deferred Chubb's request for leave to file a motion for expedited discovery until after production of (1) the acknowledgements signed by the Former Chubb Employees; (2) a signed acknowledgement by Chimera that there are no additional Chubb employees in the hiring "pipeline"; and (3) the three categories of documents that the Defendants had already agreed to produce. The Court noted that if, after receiving these items, Chubb remained unsatisfied, Chubb was permitted to file its motion. The Court concluded the conference with a recommendation that the parties work together to develop a protocol

pursuant to which Chubb could examine data on various portable electronic devices in possession of the Former Chubb Employees.

According to Defendants, immediately after execution of the Stipulated Discovery Confidentiality Order on May 13, 2016, Defendants produced the acknowledgements and the three categories of documents. *See* ECF No. 41-2 at Ex. A (signed acknowledgements). On May 16, 2016, Defendants provided a declaration from Chimera stating that "Endurance has not hired, and is not currently seeking to hire, any other Chubb employees. There are currently no applications under consideration from, and no offers outstanding to, anyone currently employed by Chubb. At the present time, Endurance is not responding to inquiries or expressions of interest from current Chubb employees." ECF No. 41-3.

Also, on May 13th, Defendants returned to Chubb all of the hard copy documents that remained in the possession of the Former Chubb Employees following their resignations. ECF No. 41-1 at ¶ 8. According to Chubb, the documents produced "include[d] various categories of confidential materials, including but not limited to documents reflecting: client-specific policy information, data, and risk analyses, service plan proposals, client relationship chronologies, copies of insurance policies, and Chubb business strategies." ECF No. 20-3 at ¶ 9. Shortly thereafter, on May 16, 2016, Chubb filed the instant motion.

**II. Analysis**

By way of the instant motion, Plaintiff seeks to expedite certain discovery. Specifically, Plaintiff seeks, on an expedited basis, to take five depositions --Chang, Betts, and Chimera, as well as two Federal Rule of Civil Procedure 30(b)(6) depositions (specifically, "two individuals most knowledgeable about the hiring of Michael Chang and the newly formed business of Global Risk Solutions") -- and to propound requests for production

5

of documents and things on Defendants, nonparty former Chubb employees involved in the mass resignation, and on telephone and email service providers, for telephone and cellular phone records, text messages, emails, calendars, and files contained on hard drives and other data storage devices and cloud storage platforms, concerning or evidencing the following categories, for the time period December 1, 2015 through the present:

    1. The planning and events leading up to the simultaneous resignations of the Former Chubb Employees on April 22, 2016, without notice to Chubb;

    2. The Former Chubb Employees' use or disclosure of Chubb's confidential information both before and after their separation from employment at Chubb;

    3. Documents, information, or things obtained by the Former Chubb Employees as a result of their employment with Chubb that they failed to return to Chubb upon their separation from employment;

    4. Chang's and Betts' hiring and recruitment by Endurance and the terms and conditions of their employment with Endurance, including any expectation of moving and inducing Chubb's clients to follow either of them to Endurance; and

    5. Communications by Chang, Betts, or anyone directly acting on behalf of either individual, with the clients and/or brokers whom Chang and Betts previously serviced at Chubb, including but not limited to documents concerning Chang's meetings and/or discussions with clients and/or brokers at the 2016 Risk Management Society (RIMS) Conference.  (ECF No. 20-1 at 4-5).

Chubb contends that this expedited discovery is necessary to preserve evidence and determine the extent of the alleged harm, and because Chubb "has reasons to believe there are grounds for a preliminary injunction," and this discovery will better "enable this Court to

6

judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." ECF No. 20-1 at 2, 12.

Under the Federal Rules of Civil Procedure, the parties "may not seek discovery from any source" until after the Rule 26(f) conference without a stipulation or court order. Fed. R. Civ. P. 26(d)(1). However, courts have broad discretion to manage the discovery process and can expedite or otherwise alter the timing and sequence of discovery. *See id.* In *Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, the Court noted that courts addressing the issue generally apply one of two standards to determine if expedited discovery is appropriate. No. 13-4255, 2013 WL 4080648, at *1 (D.N.J. Aug. 13, 2013). The first standard, discussed in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), analyzes requests for expedited discovery using factors similar to those used in reviewing a request for injunctive relief. *Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465, 2011 WL 4478477, at *3 (D. Del. Sept.26, 2011). Under the *Notaro* standard the moving party must demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Sawhorse Enterprises, Inc. v. Church & Dwight Co.*, No. 12-6811, 2013 WL 1343608, at *4 (D.N.J. Apr. 3, 2013) (quoting *Notaro*, 95 F.R.D. at 405).

A second and significantly less stringent standard (and the standard cited by the parties in their briefing) is the "reasonableness" or "good cause" standard, under which the movant must show that the request for expedited discovery is reasonable and appropriate under the circumstances. *Kone Corp.*, 2011 WL 4478477at *4. "Under the reasonableness standard,

the court examines the appropriateness of a request for expedited discovery by weighing the need for the discovery at that point in the litigation with the breadth of the discovery requests." *Sawhorse Enterprises,* 2013 WL 1343608, at *5. In evaluating whether good cause exists to permit expedited discovery, a court considers factors such as "how far in advance of the formal start of discovery the request is made, whether the discovery requests are narrowly tailored, the purpose of the requested early discovery, whether the discovery burdens the defendants, and whether the defendants are able to respond to the requests in an expedited manner." *Id.* at *5. Whether a preliminary injunction hearing is pending is another factor to be evaluated by the Court. *Id.* at *4. In cases where a plaintiff is seeking injunctive relief, "[e]xpedited discovery has been ordered where it would better enable the Court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Sawhorse Enterprises,* 2013 WL 1343608, at *4 (quotations omitted). If narrowly tailored to fit the needs of a preliminary injunction hearing, leave to conduct expedited discovery should be granted. *Id.* (citing *Entertainment Technology, Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440 at *3 (E.D. Pa. October 2, 2003)). Where the requests are overly broad and extend beyond the needs of the preliminary injunction, leave should be denied. *Id.*

      Here, the Court shall apply the second standard as it was the legal standard briefed by the parties and the less stringent of the two. Chubb argues that good cause exists for the expedited discovery it is requesting because: (1) Chubb has reasons to believe there are grounds for a preliminary injunction; (2) Chubb is seeking discovery of a reasonable scope; (3) the purpose for requesting expedited discovery is to determine the nature and extent of the misappropriation of Chubb's confidential information, the extent of Defendants Chang's and

Endurance's unlawful solicitation of Chubb employees and clients, and the substance of Chang's and Endurance's communications with them; (4) the burden on Defendants is allegedly slight, as the documents and depositions requested are easily accessible and appropriately limited; (5) a number of the Former Chubb Employees wiped their devices clean of data and there is a legitimate risk of ongoing loss of information; and (6) such discovery is critical to any preliminary injunction hearing. Defendants counter that expedited discovery is inappropriate because it contends that (1) Chubb's allegations of wrongdoing are speculative; (2) Chubb has not moved for any preliminary relief; (3) Chubb is essentially seeking plenary discovery across a broad array of topics going to the ultimate issues in the case; (4) Chubb has no serious irreparable injury claim; (5) a dispositive motion is pending (specifically, Defendants have moved to dismiss the Complaint and have opposed Chubb's motion to amend the Complaint).

Having carefully examined the relevant factors and considered the totality of the circumstances, the Court finds that Chubb has not established good cause for the expedited discovery it seeks. One significant factor weighing against a finding of good cause is that Chubb has not filed a motion for any preliminary relief but rather has merely stated that it "believe[s] there is evidence that would support a motion for [a] preliminary injunction." ECF No. 26 at 6-7. While it is true, as Chubb asserts, that courts have found good cause for expedited discovery when such discovery is "reasonably necessary to enable this Court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction *hearing*", ECF No. 20-1 at 12 (emphasis added) (citing *Nest Int'l, Inc. v. Balzamo*, No. 12-2087 JBS, 2012 WL 1584609, at *2 (D.N.J. May 3, 2012), here there is no such hearing pending. Absent a motion, which would presumably set out in detail the areas of

discovery that would be required in advance of a hearing, the Court cannot conclude that the discovery sought by Chubb is reasonably necessary for any potential motion hearing. Indeed, as one court in another district has noted, "without a pending motion for preliminary injunctive relief, [movant's] discovery request lacks a frame of reference, which makes it difficult, at best, to determine the degree to which it is directed towards an acceptable purpose." *Wilcox Industries v. Hansen*, 29 F.R.D. 64, 71 (D.N.H. 2012). *See also Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd.*, 765 F. Supp. 2d 87, 89 (D. Mass. 2011) (observing that "[t]he majority of courts have held … that the fact that there was no pending preliminary injunction motion weighed against allowing plaintiff's motion for expedited discovery.").

The absence of a preliminary injunction motion is not, however, dispositive of Chubb's motion. Other factors similarly weigh against granting the motion. For example, the discovery sought does not appear narrowly tailored to meet the needs of a potential preliminary injunction hearing or to prevent any particular alleged harm. Rather, the discovery sought is broad based and seems directed to the ultimate merits of the case. Chubb seeks discovery from defendants Chang, Betts, and Endurance (including two Endurance representatives and employee Tony Chimera), as well as the ten non-party Former Chubb Employees and an unspecified number of telephone and email service providers. As Defendants point out, that is fifteen individuals, a corporate entity and numerous telephone and email service providers which provided services to the Former Chubb Employees. The discovery sought could potentially involve dozens of nonparties, and several courts have found that requests for expedited discovery from third parties were overbroad. *See, e.g., Entertainment Tech. Corp.*, 2003 WL 22519440, at *5 ("To the extent that Plaintiff seeks documents from third parties at this early stage, the requests may be overbroad.")

Chubb also seeks discovery of electronic files contained on an array of devices, including "hard drives and other data storage devices" as well as "cloud storage platforms," ECF No. 20-1 at 4. Chubb makes no distinction as to whether the target devices/accounts are business or personal, nor does Chubb limit its request to only those devices/accounts that it has reason to believe contain specific information relevant to a preliminary injunction motion and/or that contain Chubb's confidential business information. Thus, the request is overbroad. Additionally, as such discovery would potentially involve forensic examinations of nonparties' personal electronic devices, the Court finds it would be unduly burdensome to proceed on an expedited basis at this stage in the litigation.

Further, Chubb has set few meaningful limits to scope of the requested discovery. For example, one broad topic is "the planning and events leading up to" the Former Chubb Employees' resignations. Defendants note that this would cover every aspect of each individual Former Chubb Employees unique decision to leave Chubb and accept employment with Endurance, as well as Endurance's plan to expand and begin competing with Chubb. Chubb also seeks testimony under Rule 30(b)(6) about the broad topic of Endurance's "newly-formed business of Global Risk Solutions." Another topic involves Chang's recruitment and hiring by Endurance, even though there is no allegation in this action that there was anything improper about Chang leaving Chubb for employment with Endurance.

Overall, the Court finds the discovery sought by Chubb to be overly broad for the purposes of expedited discovery as it does not appear to be narrowly tailored to flesh out essential facts. The Court agrees with Defendants that, given such circumstances, to force them to participate in discovery involving the production of large quantities of documents and the depositions of five central witnesses under severe time pressure and without the benefit of

reciprocal discovery would unduly prejudice Defendants.  The Court finds, therefore, that a departure from the normal discovery protocol is not warranted at this juncture.  Accordingly,

**IT IS** on this 24th day of June 2016,

**ORDERED** that the motion to expedite discovery [ECF No. 20] is DENIED.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge