<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHUBB INA HOLDINGS INC. (f/k/a THE CHUBB CORPORATION) and FEDERAL INSURANCE COMPANY,<br><br>                   Plaintiffs,<br><br>v.<br><br>MICHAEL CHANG, BENTLEY BETTS, and ENDURANCE SERVICES, LTD.,<br><br>                   Defendants. | Civil Action No. 16-2354-BRM-DEA<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss Plaintiffs' Amended Complaint filed by Defendants Michael Chang ("Chang"), Bentley Betts ("Betts") and Endurance Services, Ltd. ("Endurance Services") (collectively, the "Defendants"). (Dkt. No. 31.) Plaintiffs Chubb INA Holdings Inc. (f/k/a The Chubb Corporation) ("Chubb") and Federal Insurance Company ("FIC") (together, the "Plaintiffs") oppose the motion. (Dkt. No. 42.) Also before this Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. No. 37), which Defendants oppose. (Dkt. No. 43.)[1] Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons set

---

[1] Plaintiffs also seek leave to substitute a revised Second Amended Complaint for the proposed Second Amended Complaint they initially submitted in connection with their Motion for Leave to File a Second Amended Complaint. (Dkt. No. 82.) Defendants oppose Plaintiffs' request to "substitute" the operative pleading that is the subject of Plaintiffs' pending motion. (Dkt. No. 89.)

forth herein, Defendants' Motion to Dismiss is **DENIED** without prejudice, and Plaintiffs' Motion for Leave to File a Second Amended Complaint is **GRANTED.**[2]

## I. BACKGROUND[3]

### A. FACTUAL BACKGROUND

The pertinent facts, although hotly disputed by the parties, are relatively straightforward. Plaintiffs allege defendants Chang and Endurance Services, together with proposed defendants Endurance Specialty Holdings Ltd. ("Endurance Holdings") and Endurance Reinsurance Corporation of America ("Endurance Reinsurance," together with Endurance Services and Endurance Holdings, "Endurance"), enacted a scheme to create an instantly successful risk management business by willfully and maliciously targeting and soliciting Chubb's employees for employment at Endurance. (PSAC at ¶ 1.)

Chang worked at Chubb for more than 19 years in Chubb's Real Estate and Hospitality Division, and is alleged to have indirectly coordinated Endurance's recruitment of many key employees of that division. (*Id.* at ¶ 2.) According to the PSAC, in the weeks after February 9, 2016, Chang began indirectly working with other employees of Endurance and/or an outside search firm to coordinate a simultaneous lift out of a block of Chubb employees to create a "turnkey" operation for Endurance. Fifteen (15) employees in Chubb's Real Estate and Hospitality

---

[2] Plaintiffs have also moved for preliminary injunction (Dkt. No. 54), which is fully-briefed and was returnable on October 17, 2016. In light of the findings expressed in this Opinion, the Court reserves decision on Plaintiffs' motion for a preliminary injunction to allow Defendants an opportunity to respond to Plaintiffs' Second Amended Complaint. At this time, the Court simply notes that, given the prospective injunction Plaintiffs seek (enjoining Chang "for one year from entry of [an] Order" and enjoining Endurance "until further order of this Court") and the availability of money damages, Plaintiffs are unlikely to suffer any prejudice if the Court reserves decision on this motion.

[3] The facts set forth in this Opinion are taken from Plaintiffs' revised Proposed Second Amended Complaint ("PSAC") (Dkt. No. 82), the parties' briefs and related filings.

Division received employment offers from Endurance; all but three (3) employees accepted, and Endurance subsequently hired twelve (12) former employees of Chubb (the "Former Chubb Employees").[4] (*Id.* at ¶¶ 3-4.) In doing so, Chang allegedly violated his post-employment contractual obligations to Chubb. (*Id.* at ¶ 10.)

The PSAC alleges Chang and Endurance identified the Former Chubb Employees through various means, including direct or indirect use of Chubb's confidential information, simultaneously delivered to each a written offer of employment "greatly in excess of market rates" to pressure the Former Chubb Employees to make a decision in haste, and, ultimately, "caused the Former Chubb Employees to notify Chubb of their resignations on the same day, Friday April 22, 2016" all in an effort "to cripple Chubb's business operations in the Real Estate and Hospitality Division." (PSAC at ¶¶ 5-7.) "Specifically, because of these resignations, Chubb would lose 40% of the senior management of Chub's Real Estate and Hospitality Division in one day … [and] ensured that their departures were coordinated so as to exact maximum harm to Chubb's relationships" with various accounts serviced by Chubb. (*Id.* at ¶ 7.)

The PSAC asserts several Former Chubb Employees – specifically including, but not limited to, Chang, Betts, and Dubrovich – accessed and removed from Chubb's computer systems confidential business records of Chubb "on a massive scale through multiple mediums." (PSAC at ¶ 8.) Allegedly, "[t]hese employees never acknowledged possession of these Chubb confidential materials or sought to return them, in clear contravention of Chubb's express written policies…" (*Id.*)

---

[4] The Former Chubb Employees include, among others, defendants Chang and Betts and proposed defendant Daryl Dubrovich ("Dubrovich"). (PSAC at ¶¶ 3-4, 14-15.)

In short, Plaintiffs allege Chang, aided and abetted by and acting as agent for Endurance, violated his contractual and legal obligations to Chubb, including, among others, not to use or disclose Chubb's confidential information and to refrain from soliciting, recruiting, or taking actions to solicit or recruit Chubb's employees to work for a competitor (*i.e.*, Endurance).

**B.     PROCEDURAL BACKGROUND**

On April 26, 2016, Plaintiffs filed a Complaint against defendants Chang, Betts and Endurance Services. (Dkt. No. 1.) Plaintiffs filed an Amended Complaint on May 3, 2016, pursuant to Fed. R. Civ. P. 15(a)(1). (Dkt. No. 7.) The Amended Complaint removed an allegation of diversity of citizenship and reflected additional facts purportedly learned during the course of Plaintiffs' ongoing investigation and the limited discovery exchanged between the parties. (*Id.*)

After Plaintiffs filed their Amended Complaint, on May 11, 2016, the Defend Trade Secrets Act ("DTSA") was signed into law. (Dkt. No. 31-1 at 1.) By letter dated May 16, 2016, Plaintiffs' counsel advised Defendants of their intent to amend the Amended Complaint to assert claims under the DTSA. (*Id.* at 2.)

On May 20, 2016, Defendants moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), arguing Plaintiffs failed to state a claim under the Computer Fraud and Abuse Act ("CFAA") and the Court should not retain jurisdiction over the remaining state law claims. (Dkt. No. 31.)

Plaintiffs then sought Defendants' counsel's consent to file a proposed Second Amended Complaint. The initial PSAC seeks to: (1) assert a new federal claim under the recently-enacted DTSA; (2) amend certain allegations relating to Plaintiffs' CFAA claim; and (3) add Dubrovich as an additional defendant. (Dkt. No. 37-1.) Defendants' counsel apparently did not consent to the

4

filing and, accordingly, Plaintiffs moved for leave to file a Second Amended Complaint. (Dkt. No. 37.)[5]

After Plaintiffs' Motion for Leave to Amend was fully-briefed, by letter dated September 16, 2016 (Dkt. No. 82), Plaintiffs submitted a revised PSAC and requested it be considered in lieu of the pleading previously submitted in connection with Plaintiffs' motion. In addition to the amendments set forth in the initial PSAC, the revised PSAC seeks to add Endurance Holdings and Endurance Reinsurance as defendants, based upon Endurance's recent filings in a related action Endurance filed against Chubb in the Supreme Court of New York, Index No. 653627/2016 (the "New York Action"). (*See* Dkt. No. 82.) Specifically, "Chubb seeks to add Endurance Holdings and Endurance Reinsurance as defendants in order to: (1) assert its claims against the proper Endurance corporate entities responsible for Chubb's harm; and (2) put an end to Endurance's procedural gamesmanship…" (*Id*.) Defendants oppose Chubb's request to "substitute" the revised PSAC on the grounds that "Chubb's request [i]s inconsistent with the Federal Rules of Civil Procedure and prejudicial to both Defendants and the Court." (Dkt. No. 89 at 1.)

---

[5] In the ensuing months, Magistrate Judge Douglas E. Arpert conducted several conferences with the parties to address issues relating to expedited discovery and in an effort to broker a settlement. In furtherance of that goal, on August 2, 2016, Magistrate Judge Arpert entered an Order terminating without prejudice Defendants' Motion to Dismiss (Dkt. No. 31), Plaintiffs' Motion for Leave to Amend (Dkt. No. 37), and Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 53) to allow the parties to discuss a potential settlement. (Dkt. No. 67.) That Order expressly states that "[n]o additional filings related to any of these Motions shall be made pending reinstatement." (*Id*.) When attempts at settlement proved unsuccessful, on September 12, 2016, Magistrate Judge Arpert issued a Letter Order approving a supplemental briefing schedule and reinstating the parties' various motions. (Dkt. No. 75.) After this case was reassigned, this Court, with Magistrate Judge Arpert's assistance, held additional settlement conferences on October 7, 2016 and October 26, 2016. Despite these efforts, no settlement was reached.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* Wright & Miller section 1484, at 676 ("Subdivision a(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); *see also Sabatino v. Union Twp.*, 2013 WL 1622306, at *6 (D.N.J. 2013) (internal citation omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to tests its claims on the merits").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the court." *Arab African Int'l Bank v. Epstein,* 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Violas et al. v. General Motors Corp., et al.,* 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). Stated differently, in the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. *Grayson v. Mayview State Hosp.,* 292 F.3d 103, 108 (3d Cir. 2002); *see also Arthur v. Maersk, Inc.,* 434 F.3d 196, 204 (3d Cir. 2006) (explaining that, generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust").

Here, the Defendants challenge Plaintiffs' Motion for Leave to Amend on the grounds that "the proposed second amended complaint should be denied as futile." (Def. Br. at 1, Dkt. No. 43).

6

A proposed amendment "is futile if the amended complaint would not survive a motion to dismiss." *Cnty. of Hudson v. Janiszewski,* 351 F. App'x 662, 666 (3d Cir. 2009) (quoting *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir. 2000)); *see also In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1332 (3d Cir. 2002) ("We have made it clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." *Marjam Supply Co. v. Firestone Bldg. Pros. Co., LLC*, 2014 WL 1343075, at *3 (D.N.J. Apr. 4, 2014).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

7

liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Defendants bear the burden of establishing that Plaintiffs' proposed amendments are futile and, "given the liberal standard applied to the amendment of pleadings," their burden is a "heavy" one. *Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co.,* 106 F.Supp.2d 761, 764 (D.N.J. 2000); *accord Marjam.* 2014 WL 1343075, at *3. Indeed, "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *Schiano v. MBNA*, 2013 WL 2452681, at *11 (D.N.J. Feb. 11, 2013) (emphasis in original) (citing 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2012)). Against this backdrop, the Court will consider Defendants' challenges to Plaintiffs' request for leave to amend.

### III. DECISION

There are two (2) proposed amendments at issue here. First, Plaintiffs seek to assert a new federal claim under the DTSA, amend certain allegations relating to Plaintiffs' CFAA claim, and add Dubrovich as an additional defendant. (*See* Dkt. No. 37-2 (initial PSAC attached to Plaintiffs' Motion for Leave).) Second, Plaintiffs seek to add Endurance Holdings and Endurance Reinsurance as defendants and to assert claims against those parties. (*See* Dkt. No. 82 (revised PSAC attached to Plaintiffs' September 16, 2016 letter).) Defendants oppose both amendments. (Dkt. Nos. 43, 89.)

With respect to Plaintiffs' revised PSAC, Defendants oppose Plaintiffs' "request to substitute a 'revised' pleading into its pending motion for leave to amend," arguing the addition of Endurance Holdings and Endurance Reinsurance as parties could have been proposed sooner and "proceeding in an irregular manner" would "result [in] needless confusion and aggravation"

for the Court. (Dkt. No. 89 at 3.) The Court is not persuaded by either argument. Notwithstanding the somewhat unconventional procedure employed, the Court finds that Plaintiffs did not exhibit undue delay or dilatory motive in seeking leave to amend or requesting to substitute a revised pleading into their pending motion.

Although delay alone is not sufficient to deny a request for leave to amend, *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984), the moving party still "must demonstrate its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted). Generally, courts will deny a request for leave to amend only where the moving party's delay becomes undue, such as when its accommodation creates an "unwarranted burden on the court … [and] unfair burden on the opposing party." *Adams*, 739. F.2d at 868.

Here, Plaintiffs' revised PSAC was submitted on September 16, 2016, less than four (4) months after moving for leave to file a Second Amended Complaint, and less than five (5) months after this case was initiated. Critically, during much of this time, Plaintiffs were expressly prohibited from submitting the revised PSAC for the Court's consideration and/or filing "a new motion for leave to file a proposed third amended complaint," as Defendants contend they should have done. (*See* Dkt. No. 89 at 3.) Indeed, on August 2, 2016, Magistrate Judge Arpert terminated without prejudice Plaintiffs' Motion for Leave to Amend, among other motions, and Ordered that "[n]o additional filings related to [this] Motion[] shall be made pending reinstatement." (Dkt. No. 67.)[6] The motion were reinstated on September 12, 2016 and Plaintiffs submitted the revised PSAC four (4) days later on September 16, 2016. Under these circumstances, it cannot be said that Plaintiffs exhibited undue delay in seeking to amend.

---

[6] *See* n.4, *supra*.

Nor can it be said that Defendants will suffer prejudice if the amendment is allowed. Prejudice is considered "undue" when it rises to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Harrison Beverage*, 133 F.R.D. at 468 (internal quotations omitted). In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Id*. The Third Circuit has stated that "prejudice to the non-moving party is the touchstone for the denial of … amendment." *Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 572 F.2d 820, 823 (3d Cir. 1978); *see also Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Only minimal discovery has taken place to date and, vis-à-vis the initial PSAC, the revised PSAC only seeks to add "corporate parents" as parties and not any new claims or theories. Therefore, Defendants will suffer no prejudice, let alone "undue" prejudice, if the amendment is allowed.

Because Plaintiffs did not unduly delay in submitting the revised PSAC and Defendants would suffer no prejudice if that pleading is considered in connection with Plaintiffs' Motion for Leave to Amend, the Court will consider the revised PSAC as the operative pleading for purposes of these motions. Cumulatively, Plaintiffs request leave to amend their pleading to add additional factual allegations to support their claims under the CFAA, add claims under the newly-enacted DTSA, and add Dubrovich, Endurance Holdings and Endurance Reinsurance as defendants. (Dkt. Nos. 37, 82.) Defendants argue leave to amend should be denied on the grounds of futility. (Dkt. No. 43.)

An amendment to a complaint is considered futile if it would not survive a motion to dismiss under Rule 12(b)(6). *In re NAHC, Inc. Sec. Litig.*, 306 F.3d at 1332; *Johnson v. Samuels*, 2007 WL 1575076, at *3 (D.N.J. May 30, 2007); *Janiszewski*, 351 F. App'x. at 666. In determining the futility of an amendment, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005) (quoting *In re Burling Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (explaining that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Harrison Beverage*, 133 F.R.D. at 468 ("Futility of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue.").

The thrust of Defendants' opposition to Plaintiffs' motion for leave is that the additional factual allegations Plaintiffs seek to add against Defendants are still conclusory and fail to rectify the pleading deficiencies of the Amended Complaint. (Dkt. No. 43.) Therefore, Defendants argue, Plaintiffs have failed to state a viable claim for relief in both the Amended Complaint and the PSAC. (*Id.*; *see also* Dkt. Nos. 31, 47.)

Based on the nature of the futility analysis, Defendants' arguments in opposition to the motion to amend overlap significantly with the arguments made in support of their motion to dismiss. The Court, in its discretion, will not consider these arguments in connection with its review of the motion for leave to amend. *See In re Aetna UCR Litig.*, 2015 WL 3970168 (D.N.J. June 30, 2015). In the interests of judicial economy and in the absence of undue prejudice, the

Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss. *See id*., at *8; *Strategic Envtl. Partners, LLC v. Bucco*, 2014 WL 3817295, at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *Diversified Indus., Inc. v. Vinyl Trends, Inc*., 2014 WL 1767471, at *1 n.1 (D.N.J. May 1, 2014) (finding, "in the interest of judicial economy and in the absence of prejudice," that the amended counter-claim should be treated as the operative pleading for the purposes of motion to dismiss despite the fact that the Court had not yet granted leave to amend).

Here, the Court finds Plaintiffs did not exhibit undue delay, bad faith, or dilatory motive in seeking leave to file a Second Amended Complaint. Indeed, Plaintiffs' counsel advised Defendants of their intention to assert claims under the DTSA within days of the law being enacted and based on many of the same factual allegations already pled. The Court also finds Defendants will suffer no prejudice if Plaintiffs are allowed to amend their pleading to add claims against Endurance Holdings, Endurance Reinsurance and Dubrovich, as doing so would not result in any significant "additional discovery, cost and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273. In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend. *Grayson*, 292 F.3d at 108. For the reasons discussed above, the Court declines to engage in a detailed futility analysis at this time and, finding all other factors weigh in favor of amendment, will "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Violas*, 173 F.R.D. at 396.

Accordingly, Plaintiffs' motion for leave to amend the Complaint is **GRANTED**. (Dkt. No. 37.) Defendants' pending motion to dismiss is terminated as moot. (Dkt. No. 31.) Defendants

may, however, renew their motion to dismiss following the filing of Plaintiffs' Second Amended Complaint.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. No. 37) is **GRANTED.** Plaintiffs shall file the proposed Second Amended Complaint (Dkt. No. 82) within seven (7) days of this Order. The Clerk of Court is directed to administratively terminate Defendants' motion to dismiss. (Dkt. No. 31.) Defendants shall file a response to the Second Amended Complaint within fourteen (14) days of its filing. An appropriate Order will follow.

**Date: November 21, 2016**          */s/ Brian R. Martinotti*
                                      **HON. BRIAN R. MARTINOTTI**
                                      **UNITED STATES DISTRICT JUDGE**